# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID P. TISDALE,

    Plaintiff,

v.

BANK OF AMERICA, *et al.*,

    Defendants.

Case No. 2:14-cv-00216-LDG (CWH)

**ORDER**

    David Tisdale filed his complaint against the defendants, Bank of America, N.A. and Bayview Loan Servicing, LLC) in state court.  The defendants removed this action to this Court on February 10, 2014, and then moved to dismiss (#5) the action on February 17, 2014.  Tisdale filed an opposition and a motion for judgment (docketed at #11, 12), and then filed a motion for default judgment (#13).  For the reasons explained below, the Court will deny the plaintiff's motions for judgment and will grant the defendants' motion and dismiss this action.

    <u>Motion to Dismiss</u>

    A motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the

complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.*

550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

Although allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations do not suffice, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Tisdale is proceeding in *proper person*. As such, the Court considers his papers pursuant to less stringent standards than is otherwise afforded papers drafted by lawyers. Nevertheless, even though Tisdale is representing himself, such status does not eliminate

4

the rules and procedures by which he may prosecute his claims, and pursuant to which the defendants may defend against those claims. To prosecute his claims, Tisdale must file a complaint that (among other things) provides, for each claim, a short and plain statement of the claim showing that he is entitled to relief. *See* Fed. R. Civ. Proc. 8(a)(2). Before being required to file an answer to the complaint, the defendants are permitted to seek a determination from the Court whether Tisdale has met this requirement. Rule 12(a), (b)(6). In seeking such a determination, the defendants do not have a duty or obligation to produce any evidence. Rather, such a motion considers whether the facts that the plaintiff has stated in his complaint show he would be entitled to relief.

While Tisdale may move for summary judgment at any time pursuant to Rule 56, such a motion is necessarily premature where, as here, the defendants have moved to dismiss the complaint and have not had any opportunity to engage in discovery. That Tisdale's motions for judgment are premature is particularly true in this case, as a review of his complaint reveals that he has not stated facts upon which he can obtain the relief he seeks.

For example, construing Tisdale's complaint broadly, he has asserted that Bank of America violated the Truth in Lending Act. In seeking to dismiss this claim, the defendants identify three defects in Tisdale's statement of this claim as to Bank of America.[1] First, while Tisdale generally asserts a violation of Regulation Z of TILA, he does not identify the section of Regulation Z that he believes Bank of America violated.

Second, the defendants point out that, in these circumstances, TILA does not provide for a claim against a loan servicer unless the servicer is or was an owner of the

---

[1] The defendants point out that, as it concerns the TILA claim, Tisdale does not state any facts that concern Bayview. To the extent that Tisdale asserted a TILA claim against Bayview, he has not stated any facts in his complaint upon which he can obtain relief against Bayview for alleging violating TILA. Accordingly, dismissal of Tisdale's TILA claim against Bayview is appropriate.

5

underlying obligation. Stated otherwise, to state a TILA claim against Bank of America as a loan servicer, Tisdale had the burden of asserting, in his complaint, that Bank of America is or was the owner of the loan.[2] The defendants point out that Tisdale has not made any such allegation in his complaint. In opposing the motion, Tisdale neither argues (a) that Bank of America is incorrect in its argument that he has the burden of alleging that Bank of America is or was the owner of the loan; or (b) that he has alleged Bank of America is or was the owner of the debt.

Third, the defendants point out that a TILA claim for damages under §1640 must be brought within one year (the limitations period) from the date of the consummation of the transaction. They correctly note that the start of this limitations period can be suspended or tolled, in some circumstances, until the borrower discovers or had a reasonable opportunity to discover the underlying basis for the TILA claim. As noted by the defendants, the underlying lending transaction occurred in August of 2007, suggesting that the one-year limitations period expired in August 2008, more than five years before Tisdale filed the present complaint. Again, Tisdale does not suggest that the defendants are incorrect in arguing that he is seeking damages under §1640, or that they are incorrect that such a claim for damages must be brought within one year. Further, Tisdale does not dispute that the underlying lending transaction occurred more than six years before he brought this suit. Finally, the Court must note the lack of any argument from Tisdale suggesting that he brought his TILA claim for damages within the one-year limitations. Accordingly, for each of the above noted reasons, Tisdale's current complaint lacks the required short and plain statement alleging facts upon which he is entitled to relief for a TILA claim that can be maintained against the defendants.

---

[2] The Court would remind Tisdale that, pursuant to Rule 11, he can only make such a factual contention in his complaint if, to the best of his knowledge, information and belief, the factual contention is supported by evidence or is likely to be supported by evidence after a reasonable opportunity for further investigation or discovery.

6

The Court would note that a similar analysis applies to each of the possible claims for relief that the defendants have identified in their motion to dismiss. Assuming Tisdale has intended to state each of those claims for relief (as identified by the defendants), the defendants have shown for each claim a deficiency or a number of deficiencies. For each of those claims, and each of the identified deficiencies or defects, Tisdale's opposition neither suggests that the defendants' legal analysis is incorrect nor that the defendants' analysis of his complaint's deficiencies regarding the required factual allegations is incorrect as to any of the potential claims for relief.

Accordingly, the Court must dismiss the complaint. However, the Court will do so without prejudice, and provide Tisdale an opportunity to amend his complaint to correct its deficiencies. If Tisdale fails to timely amend his complaint, or amends his complaint without correcting the noted deficiencies, the Court may dismiss Tisdale's claims with prejudice.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#5) is GRANTED;

THE COURT FURTHER **ORDERS** that this matter is DISMISSED without prejudice;

THE COURT FURTHER **ORDERS** that Plaintiff may amend his complaint not later than 21 days after the date this Order is Entered; If the Plaintiff fails to timely amend his complaint, the Court will dismiss this action with prejudice;

THE COURT FURTHER **ORDERS** that the Plaintiff's Motions for Judgment (## 11, 13) are DENIED as moot.

DATED this ____ day of April, 2014.

_____
Lloyd D. George
United States District Judge

7